[Civ. No. 55094. Second Dist., Div. Three. July 24, 1979.]

CALIFORNIA HOSPITAL ASSOCIATION et al.,
Plaintiffs and Respondents, v.
UNEMPLOYMENT INSURANCE APPEALS BOARD,
Defendant and Appellant.

## COUNSEL

George Deukmejian, Attorney General, Thomas E. Warriner and L. Stephen Porter, Assistant Attorneys General, Anne S. Pressman and Barbara M. Motz, Deputy Attorneys General, for Defendant and Appellant.

Musick, Peeler & Garrett, Charles F. Forbes and James B. Bertero for Plaintiffs and Respondents.

272

## OPINION

**COBEY, Acting P. J.**—Defendant, California Unemployment Insurance Appeals Board (hereafter Board),[1] appeals from a summary judgment in declaratory relief in favor of plaintiffs, California Hospital Association and South Coast Community Hospital (hereafter CHA). The summary judgment challenged requires that: (1) the Board accept all timely appeals filed by so-called cost-reimbursement employers[2] from prior determinations of eligibility of claimants affecting these employers and dispose of the appeals on their merits; (2) if such an employer prevails in an appeal, all benefit payments to the claimant shall cease as of the date of the final appellate decision and the obligation of employer to fund prospective benefits to the claimant shall then likewise cease; and (3) Precedent Benefit Decision of the Board No. PB234, Case No. 75-8576, Lupe Beard, claimant, being contrary to law, shall be of no further force and effect.[3]

 The sole question on this appeal is the correct interpretation of section 1335, subdivision (b), with respect to reimbursement employers. It reads and has always read essentially as follows: "If an appeal is filed, *benefits with respect to the period prior to the final decision on the appeal* shall be paid only after such decision, except that: [¶] . . . (b) If a referee affirms a determination allowing benefits, such benefits shall be promptly paid regardless of any appeal which may thereafter be taken, and regardless of any action taken under section 1336 or otherwise by the director, appeals board, or other administrative body or by any court. [¶] If such determination is finally reversed, no employer's account shall be

---

[1]All section references in this opinion are to the Unemployment Insurance Code unless otherwise indicated.

[2]Reimbursement employers are governmental and nonprofit employers who since October 1971 (Stats. 1971, ch. 1107, § 46) have been authorized to choose the reimbursement method of financing the unemployment insurance benefits paid to their former employees instead of the usual tax method. (See §§ 801-852, particularly § 803, subd. (b)(1).) A reimbursement employer does not have maintained for him by the director an individual reserve account, does not contribute to the director's balancing account of the Unemployment Fund, and does not pay federal unemployment taxes—all of which a reserve-account employer does. (See §§ 1026, 1027; *Carleson* v. *Unemployment Ins. Appeals Bd.* (1976) 64 Cal.App.3d 145, 151-153 [134 Cal.Rptr. 278].)

CHA is a nonprofit corporation representing 550 California hospitals. South Coast Community Hospital is also a nonprofit California corporation, which has been duly licensed as a general acute-care hospital facility. It is a reimbursement employer. CHA is a duly authorized agent of the hospital in its dealings with the California Employment Development Department and the Board.

[3]The Board has attached a true copy of this decision to their opening brief. No objection having been made to this, we deem this decision a part of the record on appeal.

charged with benefits paid because of that determination."[4] (Italics added.)

CHA interprets this subdivision, which codifies the so-called double affirmation rule, as applying *only* to *interim benefits*—i.e., benefits paid during the appellate process and therefore as not preventing the cessation of the payments of benefits following the rendition of a final decision on appeal denying eligibility for benefits on the part of a particular claimant.

The Board has adopted the policy of dismissing all appeals by reimbursement employers following double affirmation of adverse eligibility decisions affecting them on the ground that under its aforementioned Precedent Benefit Decision (No. PB234, Case No. 75-8576, Lupe Beard, claimant) it cannot afford a reimbursement employer (as contrasted with a reserve account employer) any relief because it cannot transfer the charges for the benefits involved, if it determines them to have been paid to an ineligible claimant, from the employer's individual reserve account to the general balancing account since, as previously mentioned, the reimbursement employer has no individual reserve account to be relieved of these charges and does not contribute to the balancing account to which these charges would otherwise be transferred. Moreover section 803, subdivision (c), expressly makes all the noncharging of employers' reserve accounts provisions (expressly §§ 1030, 1031, 1032 and 1032.5) inapplicable to reimbursement employers.

Section 1336, expressly mentioned in the subdivision at issue (§ 1335, subd. (b)), provides that the director or *any party* to a decision by a referee may appeal to the Board from a referee's decision. In view of this express authorization for an appeal to the Board from a referee's decision by a reimbursement employer, among others, we do not think that the Board is privileged to dismiss summarily appeals by reimbursement employers in double affirmation situations, as the Board is apparently doing pursuant to its aforementioned PB234 decision. We agree with CHA that the double affirmation rule of administrative finality, codified in the subdivision at issue, applies only to benefits paid during the pendency of an appeal, whether that appeal be administrative or judicial and therefore upon a decision against the eligibility of a particular claimant becoming final, the payment of benefits to that claimant must

[4] A 1971 amendment added the word "promptly" before the word "paid." (See Stats. 1971, ch. 1107, § 64.) Benefit payments which are not charged to an employer's reserve account are charged instead to the director's aforementioned balancing account. (§ 1027, subd. (b)(2).)

cease whether he or she be a former employee of a reimbursement employer or of a reserve account employer, and the obligation of the reimbursement employer to fund benefits to be paid thereafter to such a claimant shall likewise then cease.

### DISPOSITION

The summary judgment in declaratory relief under appeal is affirmed.

Allport, J., and Potter, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 20, 1979.